**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLIE SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-CV-135 SPM |
| ) | |
| SALVATORY CHRUM, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Willie Simmons brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights against five[1] defendants. ECF No. 1. Plaintiff is a prisoner incarcerated at the El Dorado Correctional Facility in Kansas; however, he filed this matter in the United States District Court for the Western District of Missouri. On February 3, 2022, the case was transferred to this Court because the events giving rise to Plaintiff's claims occurred in the Eastern District of Missouri. *See* ECF Nos. 2-3.

Now before the Court are two motions from Plaintiff. First, Plaintiff seeks to allow exhibits to be added to the complaint – exhibits that he alleges were misplaced when the case was transferred here from the Western District Court. ECF No. 6. Although there is no evidence of misplaced exhibits and it appears that some of the exhibits submitted with this motion are already in the court file (*see* ECF No. 1-2 at 115-126, 155, 240), this motion will be granted and the Court will consider the additional exhibits. Second, Plaintiff asks the Court "to black[] out all personal identifiers and information" in the hundreds of pages of exhibits that he has filed with his

---

[1] It appears two defendants were inadvertently left off the docket sheet when this case was initially filed, as the complaint names five defendants. *See* ECF No. 1 at 1-4. The Clerk of Court will be directed to update the docket sheet to include additional police officer defendants: James Maier and Michael Blanks. *Id.* at 4.

complaint.  ECF No. 7.  Under Local Rule 2.17, the party filing an exhibit with personal data identifiers in it, such as social security numbers, is responsible for excluding or partially redacting such information.  E.D. Mo. L.R. 2.17(B).  Because Plaintiff is self-represented, the Court will redact the four personal identifiers specifically cited with page numbers in Plaintiff's motion.  *See* ECF No. 7 at 1 ¶ 1.  However, the Court will not "black[] out *all* personal identifiers and information," as requested by Plaintiff.  *Id.* at 1 ¶ 2 (emphasis added).  Under local rules, the "Clerk of Court will not review [a] filing for compliance," and as such, this is not the responsibility of the Court.  E.D. Mo. L.R. 2.17(B).

Finally, Plaintiff identifies himself as a "three-striker" under 28 U.S.C. § 1915(g), and he paid the full filing fee in this matter.  *See* ECF No. 1 at 9.  However, his complaint is still subject to initial review under 28 U.S.C. § 1915A.  For the reasons discussed below, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).

**Legal Standard on Initial Review**

Although Plaintiff has paid the full filing fee in this matter, under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a); *see also Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (citing *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (holding that the statutory language of 28 U.S.C. § 1915A applies to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee)).

Under 28 U.S.C. § 1915A, the Court is required to review and dismiss a complaint filed by a prisoner in a civil action if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28

U.S.C. § 1915A(b).  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

When reviewing a complaint filed by a self-represented person, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**Plaintiff's State-Court Criminal Background**

In order to understand the allegations of Plaintiff's complaint, some background information is necessary.  Plaintiff Simmons has an extensive litigation history, originating with Missouri murder charges from 1987.  The Eighth Circuit Court of Appeals summarized Plaintiff's state court history as follows:

> Simmons was convicted in a single trial [in Missouri state court] of two counts of capital murder following the deaths of Leonora McClendon and Cheri Johnson. Following the jury's recommendation, the trial court sentenced Simmons to death on both counts. The Missouri Supreme court then overturned the two convictions on the grounds that the murder charges should not have been tried together. *See State v. Simmons*, 815 S.W.2d 426 (Mo. 1991) (en banc). On remand, Simmons was tried separately for both murders. He was convicted and sentenced to death after each trial.

*Simmons v. Luebbers*, 299 F.3d 929, 931 (8th Cir. 2002).

After Plaintiff's received his two death sentences, he was subsequently denied post-conviction relief with the state trial court and with the Missouri Supreme Court on both murder convictions and sentences. *See State v. Simmons*, 955 S.W.2d 729 (Mo. 1997) (en banc) (Johnson murder); *State v. Simmons*, 955 S.W.2d 752 (Mo. 1997) (en banc) (McClendon murder). In 1999, Simmons filed two habeas petitions pursuant to 28 U.S.C. § 2254 with this Court. Both petitions were denied in March 2001. *See Simmons v. Bowersox*, No. 4:97-cv-2537-RWS (E.D. Mo. filed Dec. 19, 1997) (Johnson murder); *Simmons v. Luebbers*, No. 4:97-cv-2538-RWS (E.D. Mo. filed Dec. 22, 1997) (McClendon murder).

However, on appeal, the Eighth Circuit Court reversed in part, finding Simmons's trial court attorney was ineffective for failing to present certain mitigating evidence during the penalty phase of both of Simmons's murder trials. *Simmons v. Luebbers*, 299 F.3d 929 (8th Cir. 2002). As such, the Eighth Circuit remanded the cases back to this Court with direction to grant new penalty phase trials on both murder convictions. After remand, this Court issued writs of habeas corpus in both of Simmons's cases, vacating the death penalties but not the convictions. In 2003, Simmons received sentences of life imprisonment without parole for both convictions. *See State v. Simmons*, 213 S.W.3d 156, 157 n.1 (Mo. Ct. App. 2006).

### The Complaint and Supplements

Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against five defendants: (1) Salvatory Chrum; (2) Kerry Alexander; (3) James Maier; (4) Michael

- 4 -

Blanks; and (5) Michael Kleen.  ECF Nos. 1 at 1-4, 1-1 at 1-2.  He brings his claims against all defendants in both their individual and official capacities.  ECF No. 1-1 at 1.

Plaintiff's pleadings are repetitive, difficult to read, and hard to understand.  Plaintiff attempts to divide his complaint into nineteen claims, but most of the claims are based on the same underlying facts and make the same arguments.  Plaintiff's main allegation seems to be that defendants discriminated against him on the basis of his disability, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*; the Rehabilitation Act (RA), 29 U.S.C. § 794 *et seq.*; the Fourth, Fifth, Sixth, and Fourteenth Amendments; and Missouri statutes.  ECF Nos. 1 at 4, 1-1 at 3.  Plaintiff labels himself as "deaf" and argues that defendants failed to provide him with "a sign language interpreter during their interactions."  ECF No. 1-1 at 3.

Plaintiff describes defendants Chrum, Alexander, Maier, and Blanks as police officers "personally invol[ved] in the case[s] of McClendon and Johnson Murder[s]."  *Id.* at 1.  Defendant Kleen is a security guard and "witness for James Maier and Chrum Salvatory," who appears to have testified against Plaintiff in the "Johnson murder" trial.  *Id.* at 2.  Plaintiff asserts that officers Chrum, Alexander, Maier, and Blanks interviewed him in the fall of 1987 in connection with the investigations into the murders of Johnson and McClendon.  *Id.* at 5.  According to Plaintiff, despite Plaintiff showing the officers "his identification bracelet" worn on his arm to indicate "that he was deaf," the officers did not provide him with a qualified sign language interpreter as required by Missouri law.  *Id.* at 5-8.  Plaintiff also asserts that defendant officers failed to conduct the interview in writing when one hour had passed without an interpreter.  As a result, Plaintiff alleges that he could not "communicate effectively" with the officers and he "did not understand why he was being arrested;" that he "did not waive his Miranda rights;" and that the statement he made to the officers was "involuntary," "inadmissible," and subject to suppression.  *Id.* at 6-9.  Plaintiff alleges that the officers' lack of reasonable accommodation for his disability violated his due

process rights and the ADA. *Id.* at 9-17, 39, 43-45. Plaintiff argues that defendant officers are not entitled to the protection of qualified immunity on his claims. *Id.* at 16-17, 54.

Plaintiff also makes many other unrelated accusations in his complaint. Plaintiff alleges that officer Alexander assaulted him during an interview, causing injury to his head and face. *Id.* at 9 ¶ 46, 44 ¶ 251. Plaintiff asserts that "pawn ticket" and "cpi photograph" evidence used in his criminal trials resulted from a "search and seizure violation" and that they are "inadmissible" evidence of another crime. *Id.* at 12, 15-16, 27-29, 32, 37, 39, 41, 43, 46, 50. Plaintiff argues that the officers should have provided him with videophone equipment and video relay service. *Id.* at 15 ¶ 81. Plaintiff makes multiple claims of violations occurring in his state murder trials, including that the evidence "fails to establish a prima facie cause" and was "not sufficient to establish guilt;" that testimony elicited at trial was irrelevant or lacked foundation; that defendants "intentionally" falsified evidence in his trials; and that certain exculpatory evidence was not disclosed. *Id.* at 30-38, 43, 46-47. Plaintiff also claims that a non-party witness lied under oath. *Id.* at 36-37, 40, 42-43, 46, 50.

As to officers Chrum and Maier specifically, Plaintiff alleges that these officers violated his due process rights when Plaintiff was "unknowingly … subjected to voice identification" by witness-defendant Kleen, and when "suggestive" booking photographs of him were used by a different (non-party) witness for identification. *Id.* at 17-26. Plaintiff also specifically asserts that officers Alexander and Blanks provided false and misleading evidence regarding cause of death in his murder trials. *Id.* at 42.

As for injuries, Plaintiff states that he has suffered deprivation, emotional injury, and assault. ECF No. 1 at 6. He further alleges damages "including by not limited to loss of self esteem, emotional distress, mistrust of the police, continued feeling [of] isolation and segregation." ECF No. 1-1 at 11 ¶ 64. For relief, Plaintiff seeks "to enjoin the city [of St. Louis] from committing

further violation" and prevent "deficient police practices in servicing individuals who are deaf or hard of hearing." *Id.* at 11 ¶ 65. Plaintiff also seeks compensatory damages from all defendants. *Id.* at 52-53.

Plaintiff attached hundreds of pages of exhibits to his complaint.[2] *See* ECF No. 1-2. Some of these documents pertain to Plaintiff's hearing loss; however, most relate to Plaintiff's criminal prosecutions in state court. As for the medical exhibits, the oldest documents appear to date back to 1991 and show partial hearing loss in Plaintiff's right ear. *Id.* at 9-10. Other documents demonstrate Plaintiff's continued hearing issues and need for medical evaluation and hearing aids over the subsequent years. *Id.* at 7-8 (hearing problems and use of hearing aids from approximately 2014-2019); 12-23 (audiologist exam and hearing aids requested in 2012-2013); 24-26 (approval of hearing placard, TTY device, and vibrating alarm clock in 2013); 27-31 (labeling Plaintiff as "hard of hearing" in 2014). Documents from the Kansas Department of Corrections, dated May and June 2020, describe Plaintiff as "deaf" with a severe hearing impairment requiring hearing aids. *Id.* at 3-6.

Most of the remaining exhibits pertain to Plaintiff's state court murder cases, including the original criminal indictment, trial exhibit lists, police reports, trial transcripts, potential witness affidavits, handwritten case notes, transcripts of audio interview recordings, and a few news articles. *Id.* at 22-217, 232-40.[3] Some of these exhibits are completely, or almost completely, unreadable. *See id.* at 38-43, 77-78, 108, 199, 206. These documents all appear to have been filed in prior appeals or habeas litigation regarding Plaintiff's murder convictions. Finally, Plaintiff

---

[2] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[3] Plaintiff includes many court documents regarding charges of receiving stolen property issued by the state of Missouri against Debra Ann Williams aka Sharon Wright (ECF No. 1-2 at 198-217). Presumably, this is to discredit Wright, who was involved in the state murder case against Plaintiff. *See id.* at 192-97.

includes a long affidavit signed by himself that purports to support the factual allegations of his complaint. *Id.* at 218-40.

Because the Court is granting Plaintiff's motion to add exhibits to the record (ECF No. 6), the Court has also considered the trial transcripts and news articles (many of which are duplicates) related to Plaintiff's state court convictions that were filed on March 24, 2022. *See* ECF No. 6-1.

**Discussion**

Plaintiff has been litigating his state court murder convictions for over thirty years now. He has filed countless direct appeals, motions for post-conviction relief, and petitions for habeas corpus. He seems to be seeking another avenue of relief in this 42 U.S.C. § 1983 case. This is not permissible. To the extent that Plaintiff seeks to bring § 1983 claims for alleged constitutional violations which occurred in his underlying state court murder charge investigation and trials, such claims are barred by the statute of limitations. Furthermore, to the extent Plaintiff seeks money damages in this § 1983 suit regarding his state court murder convictions – convictions that have not been reversed, expunged, or called into question by the issuance of a writ of habeas corpus – such relief is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Finally, even if Plaintiff had brought his ADA claims in a timely manner, Plaintiff's allegations concerning disability discrimination and lack of reasonable accommodation for his hearing loss, fail to state a valid claim against individual defendants. For all of these reasons, Plaintiff's complaint will be dismissed for failure to state a valid claim for relief pursuant to 28 U.S.C. § 1915A(b)(1).

**I.      Statute of Limitations on 42 U.S.C. § 1983 Claims**

Plaintiff brings this case under 42 U.S.C. § 1983. Because § 1983 provides no period of limitation, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447-48 (8th Cir. 1984) (citing *Johnson v. Railway Express Agency*, 421 U.S. 454, 462 (1975), *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)).

Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

In this case, Plaintiff claims that his constitutional rights were violated during the investigation and prosecution of state court murder charges. Due the age of Plaintiff's state case, many electronic records are unavailable. However, it is clear that Plaintiff's original combined trial on both murder convictions was overturned by the Missouri Supreme Court in 1991, *State v. Simmons*, 815 S.W.2d 426 (Mo. 1991) (en banc), and Plaintiff was retried on both murder charges, in separate murder trials, sometime before 1997. *See State v. Simmons*, 955 S.W.2d 729 (Mo. 1997); *State v. Simmons*, 955 S.W.2d 752 (Mo. 1997). As such, any alleged constitutional violations occurring at any of Plaintiff's criminal trials would have occurred over twenty-five years ago. Based on a five-year statute of limitations for § 1983 claims, Plaintiff's claims against all named defendants are time-barred. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (although the statute of limitations is an affirmative defense, a court may dismiss under § 1915 when it is apparent that the time has run).

## II.     *Heck* Bar

Furthermore, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (affirming district court's failure to state a claim dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Here, Plaintiff claims that civil rights violations occurred when he was questioned, tried, and convicted on two murder charges in the state of Missouri. He alleges that the allegedly unconstitutional acts of the defendants led to his conviction. Plaintiff seeks money damages but he also mentions some relief prohibiting further deficient police practices regarding deaf people. A finding that the allegedly unlawful acts by defendants caused Plaintiff's unconstitutional imprisonment, would render Plaintiff's criminal convictions or sentences invalid. There is no evidence in the court records, nor does Plaintiff point to any evidence, that his murder convictions and 2003 life-imprisonment sentences have been invalidated previously by any court to have considered them.

According to the United States Supreme Court: a § 1983 claim for money damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable under § 1983 unless the plaintiff can demonstrate that his criminal conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 486-87. Because Plaintiff can point to no such invalidation, his claims are not cognizable under § 1983 and are subject to dismissal for failure to state a claim.

### III.     No ADA Reasonable Accommodation Claim Against Individuals

Even if Plaintiff's claims were cognizable under § 1983 and not time barred, he fails to state an ADA reasonable accommodation claim against the five individual defendants. Plaintiff alleges that defendants denied him reasonable accommodations under the ADA and the Rehabilitation Act when they did not provide him with a sign language interpreter. Plaintiff's ADA allegations fall under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794,

provides the same rights, procedures, and remedies against discrimination by recipients of federal funding as Title II of the ADA.  *I.Z.M. v. Rosemount-Apple Valley-Eagan Public Schools*, 863 F.3d 966, 972 (8th Cir. 2017).  Although there are some differences between these two statutes, according to the Eighth Circuit, the statutes should be construed the same and case law interpreting either statute is generally applicable to both.  *Durand v. Fairview Health Servs.*, 902 F.3d 836, 841 (8th Cir. 2018).

Title II of the ADA only applies against "public entities."  42 U.S.C. § 12132.  Under 42 U.S.C. § 12131(1), "[t]he term 'public entity' means ... any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government."  The term "does not include individuals."  *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999).  As a result, neither the ADA nor the Rehabilitation Act imposes liability on defendants in their individual capacities for a failure to accommodate Plaintiff's alleged disability.[4]  These claims fail to survive initial review under 28 U.S.C. § 1915A and will be dismissed.

**Conclusion**

This civil rights action brought under 42 U.S.C. § 1983 will be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  Plaintiff's claims are barred by the five-year statute of limitations on § 1983 claims.  Plaintiff's claims are also barred by *Heck v. Humphrey* because he seeks a judgment that would necessarily imply the invalidity of

---

[4] Although Plaintiff provides medical evidence that he has severe hearing impairment and has been considered "deaf" since 2020 (see ECF No. 1-2 at 5), he was initially questioned and charged on the Missouri state murder charges in 1988.  *See Simmons v. Bowersox*, No. 4:97-cv-2537-RWS, ECF No. 50 at 2 (E.D. Mo.).  The oldest medical evidence of hearing problems currently before the Court is from 1991 and indicates a partial hearing loss in Plaintiff's right ear.  *See* ECF No. 1-2 at 9-10.  Furthermore, in 2002, when the Eighth Circuit affirmed Plaintiff's convictions but reversed his death sentences, the Court stated: "Simmons's attorneys testified that throughout their extensive interactions with Simmons, they had not observed any unusual behavior, nor had they encountered any difficulty in communicating with Simmons."  *Simmons v. Luebbers*, 299 F.3d 929, 933–34 (8th Cir. 2002).  Therefore, although the Court need not reach this issue because dismissal is justified on other grounds, there are questions as to whether Plaintiff was disabled and in need of a reasonable accommodation back in 1988.

his continued confinement. Finally, even if Plaintiff's claims were not subject to dismissal on these grounds, he would still fail to state ADA and Rehabilitation Act claims for lack of reasonable accommodation because such claims cannot be brought against individuals. For all of these reasons, this case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to add exhibits to the complaint [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to black out personal identifiers and information [ECF No. 7] is **GRANTED in part and DENIED in part**. The Clerk of Court is directed to redact social security numbers on pages 100, 101, 102, and 107 of ECF No. 1-2. To the extent that Plaintiff asks the Court to review all his filings for personal data identifiers and redact accordingly, his motion is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the docket sheet in this matter to include police officer defendants James Maier and Michael Blanks.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 4th day of May, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE